IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES ARLIN THOMPSON,

  Plaintiff,

v.  CIVIL ACTION NO.: CV607-042

DON JERRIEL, Warden; WAYNE
JOHNSON, Warden of Care and
Treatment; JOE TAYLOR, Medical
Director, and Dr. ZELLNER YOUNG,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff, an inmate currently incarcerated at Smith State Prison in Glennville, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

  28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that on September 7, 2006, he underwent surgery on his right shoulder, and that in October, his shoulder became infected. Plaintiff details several occasions on which he was subsequently seen by medical personnel at the prison, and two occasions on which he received therapy at Augusta State Medical Prison and Georgia State Prison. Plaintiff complains that he was prescribed a "15 day supply per month" of "Baclofen," but that he needs to take them daily. Though Plaintiff contends that he "would like to receive the proper medical attention," he has not made any factual allegations indicating that he has not been afforded medical treatment by his

custodians. Plaintiff's description of the events indicates that he was seen by doctors regularly, and that he received therapy and medication.

Under the Eighth Amendment, prison officials are forbidden from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). However, the allegation that an inmate has not received the treatment or medication which *he* deems appropriate is not sufficient to state a deliberate indifference claim. The facts stated by Plaintiff allege at most a difference of opinion as to his treatment. Such allegations are not cognizable under section 1983. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment). "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." Id. Plaintiff has a forum for malpractice claims in the state court system. Accordingly, Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 13th day of August, 2007

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE