# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMES ARLIN THOMPSON,

Plaintiff,

v.   607CV042

DON JERRIEL, Warden ; WAYNE JOHNSON, Warden of Care and Treatment; JOE TAYLOR, Medical Director, and Dr. ZELLNER YOUNG,

Defendants.

## ORDER

42 U.S.C. § 1983 inmate/plaintiff James Arlin Thompson impliedly appeals (doc. ## 11-12)[1] this Court's Order and Judgment dismissing his case with prejudice on the merits (*i.e.*, he failed to allege "constitution-grade" medical and other claims). Doc. ## 7, 9, 10. He also moves the Court for leave to appeal IFP. To succeed, he need not show that he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Plaintiff's moving papers, however, cite to nothing showing the F.R.Civ.P. 61-level prejudice needed to demonstrate the good faith 28 U.S.C. § 1915(a)(3)/F.R.App.P. 24(a) demands. *See Hamilton v. Downs*, 68 F.Supp.2d 1380, 1382-83 (S.D.Ga. 1999). Indeed, he presents no issues on appeal, and nothing from his prior filings leaps out at the Court on that score. Accordingly, his IFP motion (doc. ## 11-12 ) is ***DENIED***.

Pursuant to Eleventh Circuit policy, appellate fees are collected even if leave to proceed IFP on appeal is denied. *See* 28 U.S.C. § 1915(b) ("Notwithstanding subsection (a), if a prisoner brings a civil action *or* files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee") (emphasis added) and F.R.App.P. 3(a)(1) and (2) (a litigant brings an appeal merely by filing a Notice of Appeal). Thus, the Clerk shall assess him the $455 appellate filing fee. *Bettis v. Jail Admin.*, 07-12549-E (11th Cir. 10/9/07) (unpublished).

This 3f day of October, 2007.



B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Thompson, proceeding *pro se*, neglected to file a formal Notice of Appeal but he did file *in forma pauperis* (IFP) paperwork, thus evidencing an intent to appeal, and that is sufficient to imply an appeal under F.R.App.P. 3(c)(4).